Filed in Lancaster District Court
*** EFILED ***
Case Number: D 02 CI 12 0003199
Transaction ID: 0000400516
Filing Date: 08/13/2012 02:20:19 PM CDT

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

SEAN DIVERS, Special Administrator of
the ESTATE OF PENNI DIVERS; and
SEAN DIVERS, Individually,

    Plaintiffs,

v.

ALBERT HALLS, M.D.; PEOPLES'
HEALTH CENTER; LISA YOUNG,
A.P.R.N., R.N., M.S.N.; PLAZA WEST
PSYCHIATRISTS L.L.C.; COMMUNITY
MENTAL HEALTH CENTER OF
LANCASTER COUNTY; WAGEY DRUG
CO.; WAL-MART STORES, INC.; and
JOHN DOES NOS. 1-5.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CI12-

**COMPLAINT**

Plaintiffs state:

1. That Plaintiff Sean Divers, at all times material herein, is a resident of Omaha, Douglas County, Nebraska.

2. That Plaintiff's decedent, Penni Divers, died on August 26, 2010. That Plaintiff Sean Divers was appointed Special Administrator of the Estate of Penni Divers on August 2, 2012, by the County Court of Lancaster County, Nebraska. That Letters of Special Administrator were issued on August 2, 2012. A copy of said Letters of Special Administrator is attached to this Complaint, marked "Exhibit A" and incorporated herein by reference.

3. That Plaintiff Sean Divers, as Special Administrator of the Estate of Penni Divers, brings this action for the Wrongful Death of Decedent, Penni Divers, pursuant to the provisions of Neb. Rev. Stat. Sections 30-809 and 30-810 (Reissue 1995).

4. That Plaintiff Sean Divers was the husband of the Decedent, Penni Divers.

5. That Defendant Albert Halls, M.D. (hereinafter referred to as "Halls"), is a physician duly licensed and qualified to practice medicine in the State of Nebraska. That at all times hereinafter mentioned, Defendant Halls held himself out to the decedent that he was a



GOVERNMENT
EXHIBIT
A

proper and qualified physician, specializing in the field of family practice, with experience and training in all issues associated with family practice. That Defendant Halls invited the public, including the decedent, to use his services and to charge remuneration for such services. That this Defendant undertook to render proper medical care and assistance to decedent and then and there it became his duty to exercise reasonable care to insure that decedent received, and obtained, proper medical examination, diagnoses, treatment, care and attention.

6.      That at all times herein mentioned, Defendant Halls was not qualified under the Nebraska Hospital-Medical Liability Act.

7.      That Defendant, Peoples' Health Center (hereinafter referred to as "Peoples'"), is a domestic non-profit corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Lincoln, Lancaster County, Nebraska. That Peoples' is engaged in the business of providing medical and health care services to individuals including the Plaintiff's decedent. That at all times hereinafter mentioned, Defendant Peoples' held itself out through its physicians, agents, representatives, employees, medical staff, including the Defendant Hall as capable of making and/or giving proper medical examination, care, and providing a staff of physicians with experience and training in performing all family practice services. That Defendant Peoples' invited the public, including the Plaintiff's decedent, to use its services and to charge remuneration for such services. That Defendant Peoples' undertook to render proper medical care and assistance to Plaintiff's decedent and then and there it became its duty to exercise reasonable care to insure that Plaintiff's decedent received and obtained proper medical examination, diagnoses, treatment, care and attention. That at all times herein mentioned, the physicians, agents, representatives, employees, medical staff, including the Defendant Halls, were acting within the scope and course of their employment and agency with the Defendant Peoples', and that any and all negligence by the above individual(s) is imputed to Defendant Peoples' under the Doctrine of *Respondeat Superior*.

8.      That at all times herein mentioned Defendant Peoples' was qualified under the Nebraska Hospital-Medical Liability Act and that the Plaintiffs, pursuant to Neb. Rev. Stat. §44-2840, waive their right to a panel review and elect to proceed with this Complaint in the District Court of Lancaster County, Nebraska. That Plaintiffs have further complied with Neb. Rev. Stat. § 44-2801, et seq., and that a copy of this Complaint was mailed by United States Mail, Certified, Return Receipt Requested to the Department of Insurance for the State of Nebraska.

That the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. §44-2855, inclusive and that criteria established by these statutes, do not promote the health, safety or general welfare of the public and serve no public purpose in that these statutes limit the amount of monetary recovery available to a claimant such as the Plaintiffs without any reasonable basis or relationship to the injuries sustained by Plaintiffs and, therefore, are consequentially in conflict with the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, as well as Sections I, III, XVI, XXI and XVI of Article I of the Constitution of the United States of America.

9.    That Defendant Lisa Young, APRN, RN, MSN (hereinafter referred to as "Young"), has a Master's of Science degree in Nursing, is an advanced practice registered nurse and a registered nurse, and is duly licensed and qualified to practice nursing in the State of Nebraska.  That at all times hereinafter mentioned, Defendant Young held herself out to the decedent that she was a proper and qualified advanced practice registered nurse, registered nurse, psychiatric nurse, and a clinical specialist in adult mental health nursing specializing in the field of psychiatric nursing, with experience and training in nursing and psychiatric nursing.  That Defendant Young invited the public, including the decedent, to use her services and to charge remuneration for such services.  That this Defendant undertook to render proper medical and/or nursing care and assistance to decedent and then and there it became her duty to exercise reasonable care to insure that decedent received, and obtained, proper medical and/or nursing examination, diagnoses, treatment, care and attention.

10.    That at all times herein mentioned, Defendant Young was not qualified under the Nebraska Hospital-Medical Liability Act.

11.    That Defendant, Plaza West Psychiatrists, LLC, (hereinafter referred to as "Plaza"), is a domestic corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Lincoln, Lancaster County, Nebraska.  That Plaza is engaged in the business of providing medical and health care services to individuals including the Plaintiff's decedent.  That at all times hereinafter mentioned, Defendant Plaza held itself out through its physicians, nurses, agents, representatives, employees, medical staff, including the Defendant Young as capable of making and/or giving proper medical examination, care, and providing a staff of nurses with experience and training in performing psychiatric services.  That Defendant Plaza invited the public, including the Plaintiff's decedent, to use its

3

services and to charge remuneration for such services. That Defendant Plaza undertook to render proper medical care and assistance to Plaintiff's decedent and then and there it became its duty to exercise reasonable care to insure that Plaintiff's decedent received and obtained proper medical examination, diagnoses, treatment, care and attention. That at all times herein mentioned, the physicians, nurses, agents, representatives, employees, medical staff, including the Defendant Young, were acting within the scope and course of their employment and agency with the Defendant Young, and that any and all negligence by the above individual(s) is imputed to Defendant Plaza under the Doctrine of *Respondeat Superior.*

12.     That at all times herein mentioned Defendant Plaza was not qualified under the Nebraska Hospital-Medical Liability Act.

13.     That Defendant, Community Mental Health Center, (hereinafter referred to as "Community"), is a county agency with its principal place of business in Lincoln, Lancaster County, Nebraska. That Community is engaged in the business of providing mental health care services to individuals including the Plaintiff's decedent. That at all times hereinafter mentioned, Defendant Community held itself out through its physicians, nurses, agents, representatives, employees, medical staff, including the Defendant Young as capable of making and/or giving proper medical examination, care, and providing a staff of nurses with experience and training in performing psychiatric and/or mental health practice services. That Defendant Community invited the public, including the Plaintiff's decedent, to use its services and to charge remuneration for such services. That Defendant Community undertook to render proper medical and/or mental health care and assistance to Plaintiff's decedent and then and there it became its duty to exercise reasonable care to insure that Plaintiff's decedent received and obtained proper medical and/or mental health examination, diagnoses, treatment, care and attention. That at all times herein mentioned, the physicians, nurses, agents, representatives, employees, medical staff, including the Defendant Young, were acting within the scope and course of their employment and agency with the Defendant Young, and that any and all negligence by the above individual(s) is imputed to Defendant Community under the Doctrine of *Respondeat Superior.*

14.     That at all times herein mentioned it is unknown if Defendant Community was qualified under the Nebraska Hospital-Medical Liability Act.

15.     That Defendant Wagey Drug Co., (hereinafter referred to as "Wagey"), is a domestic corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Lincoln, Lancaster County, Nebraska.  That Wagey is engaged in the business of providing pharmaceutical services to individuals including the Plaintiff's decedent.  That at all times hereinafter mentioned, Defendant Wagey held itself out through its pharmacists, agents, representatives, employees and staff, as capable of making and/or giving proper pharmaceutical care.  That Defendant Wagey invited the public, including the Plaintiff's decedent, to use its services and to charge remuneration for such services.  That Defendant Wagey undertook to render proper pharmaceutical care and assistance to Plaintiff's decedent and then and there it became its duty to exercise reasonable care to insure that Plaintiff's decedent received and obtained proper pharmaceutical care and attention.  That at all times herein mentioned, the pharmacists, agents, representatives, employees and staff were acting within the scope and course of their employment and agency with the Defendant Wagey, and that any and all negligence by the above individual(s) is imputed to Defendant Wagey under the Doctrine of *Respondeat Superior.*

16.     That Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart"), is a foreign corporation organized and existing under the laws of the State of Delaware, with a place of business in Lincoln, Lancaster County, Nebraska.  That in said place of business, Wal-Mart operates a pharmacy, and that pharmacy is engaged in the business of providing pharmaceutical services to individuals including the Plaintiff's decedent.  That at all times hereinafter mentioned, Defendant Wal-Mart held itself out through its pharmacists, agents, representatives, employees and staff, as capable of making and/or giving proper pharmaceutical care.  That Defendant Wal-Mart invited the public, including the Plaintiff's decedent, to use its services and to charge remuneration for such services.  That Defendant Wal-Mart undertook to render proper pharmaceutical care and assistance to Plaintiff's decedent and then and there it became its duty to exercise reasonable care to insure that Plaintiff's decedent received and obtained proper pharmaceutical care and attention.  That at all times herein mentioned, the pharmacists, agents, representatives, employees and staff were acting within the scope and course of their employment and agency with the Defendant Wal-Mart, and that any and all negligence by the above individual(s) is imputed to Defendant Wal-Mart under the Doctrine of *Respondeat Superior.*

5

17.     That Defendants John Does Nos. 1-5 are unknown individuals, corporations, or other entities operating in Lincoln, Lancaster County, Nebraska, that provided Plaintiff's decedent with medical and/or pharmaceutical care and attention.

18.     On or about January 18, 2008, Plaintiff's decedent went to Defendant Peoples' as a new patient and saw Defendant Halls, seeking refills of prescription medications. At this time, Defendant Halls' impression of Plaintiff's decedent was that she suffers anxiety, depression and post-traumatic stress disorder.

19.     On or about February 7, 2008, Plaintiff's decedent went to Defendant Peoples' and saw Defendant Halls. At this time, Plaintiff's decedent informed Defendant Halls that she had seen Defendant Young in the past, that she continues to see Defendant Young, and that she is currently taking the prescription medications Klonopin, Seroquel, and Trazodone.

20.     Throughout 2008, 2009, and the first eight months of 2010, Plaintiff's decedent went to Defendant Peoples' several times and saw Defendant Halls several times.

21.     During the above time period, Defendant Halls prescribed Plaintiff's decedent Trazodone, Seroquel, Ambien and Tramodol on several occasions.

22.     On or about January 20, 2010, Plaintiff's decedent went to Defendant Peoples' and saw Defendant Halls, and Defendant Halls documented that decedent has depression and post-traumatic stress disorder. Further, at this time, Plaintiff's decedent informed Defendant Halls that she was currently taking the prescription medications Clonazepam, Seroquel and Trazodone.

23.     On or about March 3, 2010, Plaintiff's decedent telephoned Defendant Halls at Defendant Peoples' and informed Defendant Halls that she needs a letter stating that she cannot work.

24.     On or about March 4, 2010, Defendant Halls wrote Defendant a doctor's note, on his and Defendant Peoples' prescription pad, that Plaintiff's decedent cannot to work due to severe depression.

25.     On or about March 18, 2010, Plaintiff's decedent went to Defendant Peoples' and saw Defendant Halls. At this time, Defendant Halls prescribed Flexeril and Darvocet toPlaintiff's decedent. Darvocet is also known as propoxyphene.

26.     On or about March 18, 2010, March 29, 2010, and April 13, 2010, Plaintiff's decedent filled said above prescription for Darvocet at Defendant Wagey, and every time the Darvocet was prescribed by Defendant Hall.

27.     Between March 18, 2010, and April 20, 2010, in addition to filling Plaintiff's Darvocet prescription, Defendant Wagey also filled the following prescriptions for Plaintiff's decedent: Flexeril (prescribed by Defendant Hall), Paroxetine (prescribed by Defendant Young) and Clonazepam (prescribed by Defendant Young).

28.     On or about May 20, 2010, Plaintiff's decedent called Defendant Halls at Defendant Peoples' and informed him that she has severe depression and is unable to work for the next six months.

29.     On or about May 20, 2010, Defendant Halls wrote Plaintiff's decedent a doctor's note, on his and Defendant Peoples' prescription pad, that Plaintiff's decedent was not to work for the next three months due to depression.

30.     On or about June 10, 2010, Plaintiff's decedent went to Defendant Peoples' and saw Defendant Halls.  At this time, Defendant Halls once again prescribed Flexeril and Darvocet for Plaintiff's decedent.

31.     On or about June 10, 2010, July 15, 2010, and August 13, 2010, Plaintiff's decedent filled said above prescription for Darvocet at Defendant Wagey, and every time the Darvocet was prescribed by Defendant Hall.

32.     Between June 7, 2010, and August 13, 2010, in addition to filling Plaintiff's Darvocet prescription, Defendant Wagey also filled the following prescriptions for Plaintiff's decedent: Tramadol, Flexeril (prescribed by Defendant Halls), Clonazepam (prescribed by Defendant Young) Seroquel (prescribed by Defendant Young), Paroxetin (prescribed by Defendant Young) and Trazadone (prescribed by Defendant Young).

33.     At the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart, that there had been numerous cases of accidental and intentional overdoses by patients who had been prescribed Darvocet, and said overdoses caused these patient to die.

34. Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that many of the Darvocet-related overdoses that caused death have occurred i\n patients with previous histories of emotional disturbances and/or in patients that were concomitantly taking sedatives, tranquilizers, muscle relaxants, antidepressants, or other central nervous system-depressant drugs.

35. Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that many when Darvocet is prescribed to patients with previous histories of emotional disturbances and/or to patients that were concomitantly taking sedatives, tranquilizers, muscle relaxants, antidepressants, or other central nervous system-depressant drugs, suicide was a potential adverse reaction.

36. Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that the concomitant use of Darvocet and central nervous system depressants, can result in potentially serious adverse events including death, and because of its added depressant effects, Darvocet should be prescribed with caution for those patients whose medical condition requires the concomitant administration of sedatives, tranquilizers, muscle relaxants, antidepressants, or other central nervous system-depressant drugs.

37. Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that the concomitant use of Darvocet and central nervous system depressants, can result in potentially serious adverse events including death, and because of its added depressant effects, Darvocet should be

prescribed with caution for those patients whose medical condition requires the concomitant administration of sedatives, tranquilizers, muscle relaxants, antidepressants, or other central nervous system-depressant drugs.

38.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with Flexeril which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

39.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with trazadone which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

40.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with tramadol which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

41.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with paroxetine which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

42.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with Seroquel which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

43.     Further, at the time Plaintiff's decedent was prescribed Darvocet, it was widely known by the medical community and pharmaceutical community, and was known, or should have been known by Defendant Halls, Defendant Peoples', Defendant Young, Defendant Plaza, Defendant Community, Defendant Wagey, and/or Defendant Wal-Mart that Darvocet had a major interaction with clonazepam which was highly clinically significant, and therefore the two medications should not have been prescribed at or near the same time, because the risk of the drug interaction between the two prescriptions outweighs the benefits.

44.     In 2010, the U.S. Food and Drug Administration recalled Darvocet due to the concerns it had over Darvocet and the adverse reactions, such as overdose and suicide, that it was causing when prescribed to patients with previous histories of emotional disturbances and/or when prescribed to patients that were concomitantly taking sedatives, tranquilizers, muscle relaxants, antidepressants, or other central nervous system-depressant drugs.

## FIRST CAUSE OF ACTION

45.     That the Defendants Halls and Peoples', and each of them, were negligent and/or committed malpractice in failing to exercise within the skill and care ordinarily required of medical care providers in Lincoln, Lancaster County, Nebraska, or similar communities in one or more of the following particulars, including but not limited to:

a)      In choosing not to use ordinary care under the circumstances;

b)      In choosing to prescribe Darvocet to decedent;

c)      In choosing to prescribe Darvocet to decedent when Defendants knew or should have known of decedent's past mental health history;

d)      In choosing to prescribe Darvocet to decadent when Defendants knew or should have known of the other prescription medications decedent was taking;

10

e)      In choosing to not inform decedent warning of the dangers, risks, and/or serious adverse side effects of Darvocet;

f)      In choosing to not inform decedent that Darvocet was contraindicated with several of the prescription medications that Defendants knew or should have known decedent was taking;

g)      In choosing to not inform decedent that Darvocet was contraindicated with several of the prescription medications that Defendants prescribed decedent;

h)      In choosing to not inform decedent of the dangers, risks, and/or serious adverse side effects of taking Darvocet along with the other prescription medications Defendants were prescribing decedent; and

i)      In failing to meet the applicable standard of care in effect during the occurrences described herein.

46.      That as a direct and proximate result of the negligence and malpractice of the Defendants Halls and Peoples', and each of them, as set forth in this paragraph, Plaintiff's decedent was seriously and permanently injured which was a cause of her death on August 26, 2010. That prior to her death, Plaintiff's decedent was forty-six (46) years of age and had a life expectancy of 35.3 years. That decedent's heirs were dependent upon her for future support and maintenance. That by reason of decedent's death, her heirs have been deprived of her contribution to their care, support and maintenance and have been deprived of her aid, advice and comfort, assistance, society and companionship as a loving mother and wife.

WHEREFORE, Plaintiff prays for judgment against the Defendants Halls and Peoples', and each of them, on his First Cause of Action for special damages and general damages, together with his costs herein expended

## SECOND CAUSE OF ACTION

47.      That Plaintiff, for his Second Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

48.      That as a direct and proximate result of the negligence and malpractice of the Defendants Halls and Peoples', and each of them, Plaintiff's decedent suffered excruciating mental and physical pain and suffering from the time she was first prescribed Darvocet (March 18, 2010) until she expired on August 26, 2010.

WHEREFORE, Plaintiff prays for judgment against the Defendants Halls and Peoples', and each of them, on his Second Cause of Action for special damages and general damages, together with his costs herein expended.

### THIRD CAUSE OF ACTION

49.     That Plaintiff, for his Third Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

50.  That the Plaintiff, Special Administrator of the Estate of Penni Divers, deceased, by reason of the negligence of Defendants Halls and Peoples', and each of them, as previously set forth in Paragraph 45, has incurred and has been compelled to pay funeral and burial expenses, and fair and reasonable medical expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendants Halls and Peoples', and each of them, on his Third Cause of Action for special damages and general damages, together with his costs herein expended.

### FOURTH CAUSE OF ACTION

51.     That Plaintiff, for his Fourth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

52.     That Plaintiff was, at all times material herein, the loving husband of Penni Divers.

53.     That as a direct and proximate result of the negligence of the Defendants Halls and Peoples', and each of them, as heretofore more specifically set forth in paragraph 45, Plaintiff has been deprived of his wife's aid, services, support, affection, society, companionship and consortium.

WHEREFORE, Plaintiff prays for judgment against the Defendants Halls and Peoples', and each of them, for special damages and general damages, together with his costs herein expended.

### FIFTH CAUSE OF ACTION

54. That the Defendant Young, Defendant Plaza and Defendant Community, and each of them, were negligent and/or committed malpractice in failing to exercise within the skill and care ordinarily required of medical and/or mental health care providers in Lincoln, Lancaster County, Nebraska, or similar communities in one or more of the following particulars, including but not limited to:

12

a)      In choosing not use ordinary care under the circumstances;

b)      In choosing not to communicate with Defendants Halls and Peoples' regarding decedent's medical care and treatment, including her prescription medications;

c)      In choosing to prescribe medications that were contraindicated;

d)      In choosing the medications she did based upon decedent's medical history;

e)      In failing to perform a proper examination of Plaintiff's decedent; and

f)      In failing to meet the applicable standard of care in effect during the occurrences described herein.

55.      That as a direct and proximate result of the negligence and/or malpractice of the Defendant Young, Defendant Plaza, and Defendant Community, and each of them, as set forth in this paragraph, Plaintiff's decedent was seriously and permanently injured which was a cause of her death on August 26, 2010.  That prior to her death, Plaintiff's decedent was forty-six (46) years of age and had a life expectancy of 35.3 years.  That decedent's heirs were dependent upon her for future support and maintenance.  That by reason of decedent's death, her heirs have been deprived of her contribution to their care, support and maintenance and have been deprived of her aid, advice and comfort, assistance, society and companionship as a loving mother and wife.

WHEREFORE, Plaintiff prays for judgment against the Defendant Young, Defendant Plaza, and each of them, on his Fifth Cause of Action for special damages and general damages, together with his costs herein expended

## SIXTH CAUSE OF ACTION

56.      That Plaintiff, for his Sixth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

57.      That as a direct and proximate result of the negligence and/or malpractice of the Defendant Young, Defendant Plaza, and each of them, Plaintiff's decedent suffered excruciating mental and physical pain and suffering from the time she was first prescribed clonazepam (April 20, 2010) at the same time she was taking Darvocet, until she expired on August 26, 2010.

WHEREFORE, Plaintiff prays for judgment against the Defendant Young, Defendant Plaza, and each of them, on his Sixth Cause of Action for special damages and general damages, together with his costs herein expended.

## SEVENTH CAUSE OF ACTION

58.     That Plaintiff, for his Seventh Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

59.   That the Plaintiff, Special Administrator of the Estate of Penni Divers, deceased by reason of the malpractice and/or negligence of Defendant Young, Defendant Plaza, and each of them, as previously set forth in paragraph 54, has incurred and has been compelled to pay funeral and burial expenses, and fair and reasonable medical expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendant Young, Defendant Plaza, and each of them, on his Sixth Cause of Action for special damages and general damages, together with his costs herein expended.

## EIGHTH CAUSE OF ACTION

60.     That Plaintiff, for his Eighth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

61.     That Plaintiff was, at all times material herein, the loving husband of Penni Divers.

62.     That as a direct and proximate result of the negligence of the Defendant Young, Defendant Plaza, and each of them, as heretofore more specifically set forth in paragraph 54, Plaintiff has been deprived of his wife's aid, services, support, affection, society, companionship and consortium.

WHEREFORE, Plaintiff prays for judgment against the Defendant Young, Defendant Plaza, and each of them, for special damages and general damages, together with his costs herein expended.

## NINTH CAUSE OF ACTION

63.     That the Defendant Wagey, by and through its agents, representatives, and employees was negligent in one or more of the following particulars, including but not limited to:

a)      In choosing to not inform decedent of the dangers, risks, and/or serious adverse side effects of Darvocet;

b)      In choosing to not inform decedent that Darvocet was contraindicated with several of the prescription medications that Defendant filled for decedent;

14

c)      In choosing to not inform decedent of the dangers, risks, and/or serious adverse side effects of taking Darvocet along with the other prescription medications decedent was obtaining at Defendant;

d)      In choosing to refill a prescription, or multiple prescriptions, for decedent for Darvocet that wasn't supposed to be refilled;

e)      In choosing not to inquire of Defendants Halls and/or Peoples' regarding the contraindications and/or potential adverse interactions between Darvocet and the other prescription medications Defendants Halls and Peoples' were prescribing for decedent, and that decedent was filling;

f)      In choosing not to inquire of Defendants Young and/or Plaza and/or Community regarding the contraindications and/or potential adverse interactions between Darvocet and the other prescription medications Defendants Young and Plaza and Community were prescribing for decedent, and that decedent was filling; and

g)      In choosing to not exercise due care toward decedent under the circumstances.

64.    That as a direct and proximate result of the negligence of the Defendant Wagey, as set forth in this paragraph, Plaintiff's decedent was seriously and permanently injured which was a cause of her death on August 26, 2010.  That prior to her death, Plaintiff's decedent was forty-six (46) years of age and had a life expectancy of 35.3 years.  That decedent's heirs were dependent upon her for future support and maintenance.  That by reason of decedent's death, her heirs have been deprived of her contribution to their care, support and maintenance and have been deprived of her aid, advice and comfort, assistance, society and companionship as a loving mother and wife.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wagey on his Ninth Cause of Action for special damages and general damages, together with his costs herein expended

### TENTH CAUSE OF ACTION

65.    That Plaintiff, for his Tenth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

66.    That as a direct and proximate result of the negligence of the Defendant Wagey, Plaintiff's decedent suffered excruciating mental and physical pain and suffering from the time

15

Defendant Wagey first filled decedent's prescription for Darvocet (March 18, 2010) until she expired on August 26, 2010.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wagey on his Tenth Cause of Action for special damages and general damages, together with his costs herein expended.

## ELEVENTH CAUSE OF ACTION

67.    That Plaintiff, for his Eleventh Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

68.  That the Plaintiff, Special Administrator of the Estate of Penni Divers, deceased by reason of the negligence of Defendant Wagey as previously set forth in Paragraph 63, has incurred and has been compelled to pay funeral and burial expenses, and fair and reasonable medical expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wagey on his Eleventh Cause of Action for special damages and general damages, together with his costs herein expended.

## TWELFTH CAUSE OF ACTION

69.    That Plaintiff, for his Twelfth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

70.    That Plaintiff was, at all times material herein, the loving husband of Penni Divers.

71.    That as a direct and proximate result of the negligence of the Defendant Wagey, as heretofore more specifically set forth in paragraph 63, Plaintiff has been deprived of his wife's aid, services, support, affection, society, companionship and consortium.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wagey for special damages and general damages, together with his costs herein expended.

## THIRTEENTH CAUSE OF ACTION

72. That the Defendant Wal-Mart, by and through its agents, representatives, and employees was negligent in one or more of the following particulars, including but not limited to:

a)    In choosing to not inform decedent of the dangers, risks, and/or serious adverse side effects of Darvocet;

16

b)      In choosing to not inform decedent that Darvocet was contraindicated with several of the prescription medications that Defendant filled for decedent;

c)      In choosing to not inform decedent of the dangers, risks, and/or serious adverse side effects of taking Darvocet along with the other prescription medications decedent was obtaining at Defendant;

d)      In choosing to refill a prescription, or multiple prescriptions, for decedent for Darvocet that wasn't supposed to be refilled;

e)      In choosing not to inquire of Defendants Halls and/or Peoples' regarding the contraindications and/or potential adverse interactions between Darvocet and the other prescription medications Defendants Halls and Peoples' were prescribing for decedent, and that decedent was filling; and

f)      In choosing to not exercise due care toward decedent under the circumstances.

73.     That as a direct and proximate result of the negligence of the Defendant Wal-Mart, as set forth in this paragraph, Plaintiff's decedent was seriously and permanently injured which was a cause of her death on August 26, 2010.  That prior to her death, Plaintiff's decedent was forty-six (46) years of age and had a life expectancy of 35.3 years.  That decedent's heirs were dependent upon her for future support and maintenance.  That by reason of decedent's death, her heirs have been deprived of her contribution to their care, support and maintenance and have been deprived of her aid, advice and comfort, assistance, society and companionship as a loving mother and wife.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wal-Mart on his Thirteenth Cause of Action for special damages and general damages, together with his costs herein expended

## FOURTEENTH CAUSE OF ACTION

74.     That Plaintiff, for his Fourteenth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

75.     That as a direct and proximate result of the negligence of the Defendant Wal-Mart, Plaintiff's decedent suffered excruciating mental and physical pain and suffering from the time Defendant Wal-Mart first filled decedent's prescription for Darvocet (March 18, 2010) until she expired on August 26, 2010.

17

WHEREFORE, Plaintiff prays for judgment against the Defendant Wal-Mart on his Fourteenth Cause of Action for special damages and general damages, together with his costs herein expended.

## FIFTEENTH CAUSE OF ACTION

76.     That Plaintiff, for his Fifteenth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

77.   That the Plaintiff, Special Administrator of the Estate of Penni Divers, deceased by reason of the negligence of Defendant Wal-Mart, as previously set forth in Paragraph 72, has incurred and has been compelled to pay funeral and burial expenses, and fair and reasonable medical expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wal-Mart on his Fifteenth Cause of Action for special damages and general damages, together with his costs herein expended.

## SIXTEENTH CAUSE OF ACTION

78.     That Plaintiff, for his Sixteenth Cause of Action, incorporates by reference hereto the allegations contained the preceding paragraphs as if set forth more fully at length.

79.     That Plaintiff was, at all times material herein, the loving husband of Penni Divers.

80.     That as a direct and proximate result of the negligence of the Defendant Wal-Mart, as heretofore more specifically set forth in paragraph 72, Plaintiff has been deprived of his wife's aid, services, support, affection, society, companionship and consortium.

WHEREFORE, Plaintiff prays for judgment against the Defendant Wal-Mart for special damages and general damages, together with his costs herein expended.

DATED this ___ day of August, 2012.

                                   SEAN DIVERS, Special Administrator of
                                   the ESTATE OF PENNI DIVERS, and
                                   SEAN DIVERS, Individually, Plaintiff,

By: _____

Michael Brewer, #23756
David Reed, #24345
LEWIS, PFANSTIEL & WILLIAMS
406 N. 130th St. #101
Omaha, NE 68154
(402) 502-9999
(402) 505-9896 (fax)
ATTORNEYS FOR PLAINTIFFS

19