IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN DIVERS, Special Administrator of the ESTATE OF PENNI DIVERS; and SEAN DIVERS, Individually, | ) ) ) ) | 4:12CV3226 |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| ALBERT HALLS, M.D.; PEOPLES' HEALTH CENTER; LISA YOUNG, A.P.R.N., R.N., M.S.N.; PLAZA WEST PSYCHIATRISTS LLC; COMMUNITY MENTAL HEALTH CENTER OF LANCASTER COUNTY; WAGEY DRUG CO.; WAL-MART STORES, INC.; and JOHN DOES NOS. 1-5, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This medical malpractice action originally was filed in the District Court of Lancaster County, Nebraska. On November 8, 2012, two of the named defendants, Albert Halls, M.D., and Peoples' Health Center, removed the action to this court under authority of 42 U.S.C. § 233(c), which provides in part:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment [by the Public Health Service] at the time of the incident out of which the suit arose,[1] any such civil

---

[1] Attached to the notice of removal filed in this case is a certification signed by the United States Attorney for the District of Nebraska stating that "the defendants, Albert Halls, M.D. and Peoples' Health Center, were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the Complaint." (Filing 1-2.) The United States Attorney is authorized to make the statutory certification. See 28 C.F.R. § 15.4(a).

action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

After obtaining an enlargement of time to respond to the complaint, Dr. Halls and Peoples' Health Center have now moved to dismiss all claims alleged against them pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. They also request in a footnote to their brief that, prior to dismissal, the United States be substituted as a named defendant in their stead. The motion to dismiss and substitution request will be granted, the claims at issue will be dismissed without prejudice for failure to exhaust administrative remedies under the Federal Tort Claims Act, and the case will be remanded to state court.

*I. Discussion*

In the plaintiffs' complaint, which was filed in state court on August 13, 2012, it is alleged that Penni Divers became a patient of Dr. Halls at Peoples' Health Center in Lincoln, Nebraska, on or about January 8, 2008 (filing 1-1, ¶¶ 7, 18); that she was prescribed Darvocet by Dr. Halls (filing 1-1, ¶¶ 25, 31); that she died on August 26, 2010 (filing 1-1, ¶ 2); and that her husband, Sean Divers, was appointed special administrator on August 2, 2012 (filing 1-1, ¶¶ 2, 4). The "first cause of action" of the plaintiffs' complaint is a wrongful death claim; it is alleged that Dr. Halls and Peoples' Health Center were negligent in various respects in prescribing Darvocet to Penni Divers, and that her death was a proximate result of such negligence (filing 1-1, ¶¶ 45, 46). The complaint's "second cause of action," alleged against Dr. Halls and Peoples' Health Center, seeks to recover damages for pain and suffering Penni Divers allegedly experienced between January 8, 2008, and August 26, 2010 (filing 1-1, ¶¶ 47, 48). The complaint's "third cause of action" seeks the recovery of medical and funeral expenses from Dr. Halls and Peoples' Health Center (filing 1-1, ¶¶ 49, 50).

The complaint's "fourth cause of action" is a claim for loss of consortium brought by Sean Divers against Dr. Halls and Peoples' Health Center (filing 1-1, ¶¶ 51-53). The complaint's remaining twelve causes of action are brought against other health care providers and pharmacies (filing 1-1, ¶¶ 54-80).

Records maintained by the United States Department of Health and Human Services establish that at all times since January 1, 2008, Peoples' Health Center has been deemed to be a federal employee for purposes of medical malpractice coverage under the Federally Supported Health Centers Assistance Act of 1992 and 1995 ("FSHCAA"), codified at 42 U.S.C. § 233 (g)-(n) (filing 12-1, ¶ 5 & Exhibit 1).[2] The records further show that Albert Halls, M.D., was an employee of Peoples' Health Center at all times relevant to the plaintiffs' complaint (filing 12-1, ¶ 6). This evidence has not been refuted by the plaintiffs, who merely express a contrary "belief" (filing 17, ¶ 3).[3] Finally, the Department's records indicate, and the plaintiffs admit, that no tort claim was filed with HHS before this action was commenced against Dr. Halls and Peoples' Health Center (filing 12-1, ¶ 4; filing 17, ¶ 2).

Under the FSHCAA, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, provides the exclusive remedy for medical malpractice by a

---

[2] "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007); *Green Acres Enterprises, Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005); *Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir.1990).

[3] The burden of proving the existence of subject matter jurisdiction is on the plaintiffs. *Riley*, 486 F.3d at 1031; *Green Acres Enterprises, Inc.*, 418 F.3d at 856. *But cf. Hart v. United States*, 630 F.3d 1085, 1089 n. 3 (8th Cir. 2011) (noting that while the general burden-of-proof rule has been applied in FTCA cases, the Eighth Circuit has "not yet taken a formal position on this precise issue"). Which side bears the burden of proof is irrelevant in this instance, in any event, because the material jurisdictional facts are undisputed.

federally funded health center[4] (and its officers, employees, and contractors) that the HHS Secretary has deemed to be an employee of the Public Health Service.[5] 42 U.S.C. § 233(g)(1)(A).  Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death" unless the claimant has first exhausted administrative remedies.  28 U.S.C. § 2675(a) (requiring presentment of the claim to the appropriate federal agency and the agency's final denial of the claim).  Conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity.  *Mader v. United States,* 654 F.3d 794, 808 (8th Cir. 2011).

Because it is undisputed that tort claims now being alleged against Dr. Halls and Peoples' Health Center were not first presented by the plaintiffs to HHS, the court does not have subject matter jurisdiction to hear those claims.  They will be dismissed without prejudice.  *See Hart,* 630 F.3d at 1091 (indicating that dismissal of FTCA action for lack of subject matter jurisdiction should be without prejudice).  Prior to dismissal, however, the United States will be substituted as a named party defendant in the place of Dr. Halls and People's Health Center.  *See, e.g., Glorvigen v. Cirrus Design Corp.*, Civil No. 06-2661 (PAM/RLE), 2006 WL 3043222 *1-2 (D.Minn. Oct. 24, 2006), *cited in Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 739 (8th Cir. 2009).  *See also Hui v. Castaneda,* 130 S.Ct. 1845, 1854 n. 9 (2010) (observing that

---

[4] A "health center" is "an entity that serves a population that is medically underserved, or a special medically underserved population comprised of migratory and seasonal agricultural workers, the homeless, and residents of public housing, by providing . . . required primary health services . . . for all residents of the area served by the center."  42 U.S.C. § 254b(a)(1); *see also* 42 U.S.C. § 233(g)(4).

[5] "Once the Secretary makes a determination that an entity or an officer, governing board member, employee, or contractor of an entity is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding."  42 U.S.C. § 233(g)(1)(F).

42 U.S.C. § 233(c), unlike 28 U.S.C. § 2679(d), "does not prescribe a particular mechanism for substituting the United States in federal-court actions.").

With respect to the state-law negligence claims that are alleged against other defendants, this court does not appear to have original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship is lacking. The plaintiff, Sean Divers, alleges that he resides in Omaha, Douglas County, Nebraska (filing 1-1, ¶ 1). The plaintiff's decedent, Penni Divers, presumably also was a Nebraska resident because she obtained medical services and filled prescriptions in Lincoln, Nebraska, between January 2008 and August 2010 (filing 1-1, ¶¶ 18-32), and because Sean Divers was appointed special administrator of her estate by the County Court of Lancaster County, Nebraska (filing 1-1, ¶¶ 1, 2).[6] It also appears from the complaint that three defendants, besides Dr. Halls and Peoples' Health Center, are citizens of the State of Nebraska: Plaza West Psychiatrists LLC and Wagey Drug Co. are both alleged to be Nebraska corporations with their principal places of business in Lincoln, Nebraska (filing 1-1, ¶¶ 11, 15), and Community Mental Health Center of Lancaster County is alleged to be a county agency with its principal place of business in Lincoln, Nebraska (filing 1-1, ¶ 13).

Assuming that the court has supplemental jurisdiction over these additional state-law claims pursuant to 28 U.S.C. § 1367(a),[7] exercise of such jurisdiction will

---

[6] For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2).

[7] Arguably, supplemental jurisdiction does not exist in this case because the court lacks subject matter jurisdiction over the FTCA claims that served as the basis for the removal of the action from state court. *See, e.g., Rosenblatt v. St. John's Episcopal Hosp.*, No. 11-CV-1106 (ERK)(CLP), 2012 WL 294518, *9-10 (E.D.N.Y. Jan. 31, 2012) (dismissal of plaintiff's medical malpractice claims against the United States, which was substituted as defendant in place of physician deemed a federal employee under FSHCAA, divested the court of original federal jurisdiction over any

be declined because there is no good reason for the action to remain in federal court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").[8] *See, e.g., Helms ex rel. Taylor v. Atrium Health Care & Rehabilitation Center of Cahokia, LLC*, Civil No. 10-547-GPM, 2010 WL 3937606, *4-6 (S.D.Ill. Oct. 5, 2010) (in removed action, substituting United States as defendant in place of health centers deemed federal employees under FSHCAA, dismissing tort claims alleged against United States for non-exhaustion of administrative remedies under FTCA, and remanding claims alleged against other defendants to state court pursuant to § 1367(c)(3)); *Roman ex rel. Roman v. Lancaster General Hosp.*, Civil Action No. 10–1437, 2010 WL 3155322, *7 (E.D.Pa. July 29, 2010) (same); *Black v. Our Lady of Way Hosp., Inc.*, Civil Action No. 08-36, 2008

---

claim and thus precluded the exercise of supplemental jurisdiction over plaintiff's remaining state-law claims); *Chibuike Acuna ex rel. Acuna v. County of Kern*, No. 1:10-CV-00734 AWI JLT, 2010 WL 2471406, *1 (E.D.Cal. June 15, 2010) (same). In this circumstance, remand to state court is required by 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction.").

[8] When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually "will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). *See also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed[.]"). Indeed, the Court of Appeals has "stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir.1990)). "[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law[.]" *Id.* at 419-20 (quoting *ACLU v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir.1999)).

WL 3387140, *4 (E.D.Ky. Aug. 8, 2008) (same); *Gallup v. Nail*, No. CV-07-1241-PHX-DGC, 2007 WL 2471165, *2 (D.Ariz. Aug. 24, 2007) (same).

IT IS ORDERED:

1. Pursuant to 42 U.S.C. §§ 233(c) and 28 U.S.C. § 2679(d), the United States is substituted as a party defendant in place of Albert Halls, M.D., and Peoples' Health Center.

2. The motion to dismiss filed by Albert Halls, M.D., and Peoples' Health Center (filing 11) is granted, and all claims alleged against the United States (*i.e.*, all claims alleged against Dr. Halls and Peoples' Health Center), including the first, second, third, and fourth causes of action of the plaintiffs' complaint, are dismissed without prejudice for the plaintiffs' failure to exhaust administrative remedies as required by the Federal Tort Claims Act.

3. Pursuant to 28 U.S.C. § 1367(c)(3) and 28 U.S.C. § 1447(c), this case is remanded to the District Court of Lancaster County, Nebraska.

4. Judgment shall be entered by separate document.

5. The clerk of the court is directed to mail certified copies of (a) the Judgment and (b) this Memorandum and Order to the Clerk of the District Court of Lancaster County, Nebraska, and may take any other action necessary to effectuate the remand.

February 7, 2013.  BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge